IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HOMER ALLEN JR., #6055820, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:06-CV-2373-K |
| | ) | ECF |
| BOARD OF PARDONS AND PAROLES, | ) | |
| et al., | ) | |
|     Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been re-referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a civil rights action brought by a county inmate pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is presently incarcerated at the Dallas County Jail in Dallas, Texas. Defendants are the Board of Pardons and Paroles, the Dallas County Jail, and Deputy Jones. No process has been issued in this case pending preliminary screening. On February 14, 2007, the Magistrate Judge issued a questionnaire to Plaintiff, who filed his answers thereto on February 23, 2007.

Statement of the Case: Plaintiff alleges that he is "overdue on [his] release date and going to I.S.F. [Intermediate Sanction Facility]," and that Deputy Jones has harassed him because he is Muslim and denied him the opportunity to go to group religious services for Muslims. Plaintiff further alleges that the Dallas County Jail System has prevent him from

receiving "books and literature" from Muslim organizations in the Dallas area. Plaintiff requests transfer to an ISF Facility, permission to go to Muslim religious services on Friday and Sunday without harassment, and monetary relief.

<u>Findings and Conclusions</u>: The Court permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added). *See also* 28 U.S.C. § 1915(e)(2)(B) (applicable to all *in forma pauperis* actions); 42 U.S.C. § 1997e(c)(1) (applicable to prison condition cases).

Sections 1915A(b), 1915(e)(2)(B), and 1997e(c)(1) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).[1]

---

[1] Exhaustion of administrative remedies under 42 U.S.C. § 1997e(c), is mandatory before the filing of any suit challenging prison conditions. *Woodford v. Ngo*, ___ U.S. ___, 126 S.Ct. 2378, 2382-83 (2006) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001)). While it appears that Plaintiff did not appeal the denial of some of his grievances (*see* Answer to Question 9), he does claim that the Dallas County Jail

Plaintiff seeks to sue the Texas Board of Pardons and Paroles (Board) for failing to transfer him or delaying his release to an ISF Facility. (Answer to Question 2). In support of his claim, he submits a copy of his "Administrative Release Hearing Report," recommending that he be transferred to an ISF Facility. (Answer to Question 3 and attachments).[2] He also states that he will be sent to "CSC-FW, 600 N. Henderson, Ft Worth, TX," apparently in lieu of an ISF Facility. (Answer to Question 4).

Plaintiff seeks monetary and injunctive relief. The Eleventh Amendment bars suit against a state or a state entity regardless of whether monetary damages or injunctive relief is sought. *Aguilar v. Texas Dept. of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998); *see also Briggs v. Mississippi*, 331 F.3d 499 (5th Cir. 2003). The Board, as a state instrumentality, is immune from a suit seeking monetary relief on Eleventh Amendment grounds. *Aguilar*, 160 F.3d at 1054; *Littles v. Board of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995). Therefore, Plaintiff's claims against the Board are barred by the Eleventh Amendment.

Even if not barred by the Eleventh Amendment, Plaintiff's claims fail to allege a federal claim. "[Section] 1983 is not itself a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere." *Olabisiomotosho v. City of Houston,* 185

---

refused to reply to at least one of his grievances (*see* Answer to Question 13).
    In light of the purported inadequacy of the grievance system at the Dallas County Jail, the Court dismisses Plaintiff's claims on other grounds. *See* 42 U.S.C. § 1997e(c)(2) ("In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies).

    [2]    The date of the recommendation is illegible.

3

F.3d 521, 525 n. 3 (5th Cir. 1999). "A claim for relief under [42 U.S.C.] § 1983 must allege the deprivation of a right secured by the Constitution or laws of the United States by a defendant acting under color of state law." *Calhoun v. Hargrove,* 312 F.3d 730, 734 (5th Cir. 2002) (citation omitted).

Plaintiff's contention that he is legally entitled to be transferred to an ISF Facility within 180 days is conclusory and wholly unsupported. (Answer to Question 2). His complaint and answers to the questionnaire fail to identify a legal basis for his transfer to an ISF facility. Insofar as he complains of a Board's internal procedure or a state law, his claim does not rise to a constitutional violation. Moreover, a state prisoner does not have a constitutional right to be incarcerated in the prison of his choice. *Meachum v. Fano,* 427 U.S. 214, 224 (1976). *See Tighe v. Wall,* 100 F.3d 41, 42 (5th Cir.1996) ("A prisoner has no constitutionally protected interest in a particular facility."); *Young v. Quinlan,* 960 F.2d 351, 358 n. 16 (3d Cir. 1992) (citing *Olim v. Wakinekona,* 461 U.S. 234, 245 (1983)) (holding that a prisoner has no reasonable expectation of being incarcerated in a particular prison).

Any claim against the "Dallas County Jail System" fares no better. It is well settled that a plaintiff may not bring a civil rights claim against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991).

Next, Plaintiff seeks to sue Deputy Jones and his deputies for denying him the opportunity to participate in Islamic religious services on Friday and Sunday. This dispute appears to center on the fact that Plaintiff had failed to request advance permission to attend such group services. (*See* January 5, 2007 response to Plaintiff's grievance No. 066661, attached to

4

Plaintiff's February 6, 2007 Response to Deficiency Order, Docket #6).  In Answer to the questionnaire, Plaintiff alleges for the first time that group services have not been called in weeks, and that inmates of other religions -- i.e., Jewish or Christians -- are not required to request advance permission to attend group religious services.  (Answer to Question 7).

Insofar as Plaintiff seeks to allege a First Amendment violation, his claim is conclusory at best.  It is undisputed that Islamic religious services are held on a regular basis at the Dallas County Jail, and that interested inmates are permitted to attend as space permits.  (*See* Response to Grievance No. 066473, attached to Plaintiff's answers to the Questionnaire).  The fact that Plaintiff is required to request permission to attend such services a week in advance, by filing a "kite," does not impinge on his First Amendment right.  Similarly, the occasional failure to announce the Islamic group services on his floor does not raise a First Amendment violation.

Any claim against Deputy Jones for verbal abuse and harassment because of Plaintiff's Islamic faith fails to raise a federal constitutional claim.  The Fifth Circuit has held that verbal abuse or harassment by a prison guard does not amount to an Eighth Amendment violation. *Calhoun v. Hargrove,* 312 F.3d 730, 734 (5th Cir. 2002); *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997) (citing *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993)).

Likewise the return of books and literature from Islamic Associations because the packages did not contain Plaintiff's bookin number and location does not raise a violation of any federal constitutional rights.

Lastly the Court notes that Plaintiff cannot meet the physical injury requirement to support a claim for monetary damages against Deputy Jones and/or the Dallas County Jail.  *See* 42 U.S.C. § 1997e(e) (requiring prisoners filing suit to demonstrate a physical injury to sustain a

claim for damages for "mental or emotional injury suffered while in custody"); *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005) (extending § 1997e(e)'s bar to preclude recovery of compensatory damages for emotional or mental injuries allegedly suffered as a result of First Amendment violation); *Harper v. Showers*, 174 F.3d 716, 719 n. 5 (5th Cir. 1999).

The only injury which Plaintiff suffered as a result of the denial of access to Islamic group services, Deputy Jones' abusive and harassing practices, and the alleged return of Islamic books and literature, was mental pain and suffering.  (Answer to Questions 10-11).

RECOMMENDATION:

For the foregoing reasons, it is recommended that this action be DISMISSED with prejudice as frivolous, and for seeking relief against a Defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) (i), and 42 U.S.C. § 1997e(c)(1).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 10th day of April, 2007.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and

conclusions of law accepted by the district court.